Cross v. Parent.

## No. 849.

J. P. CROSS v. F. P. PARENT. E. PARENT and B. J. WEST,
Intervenors.

In the intervention of West, the judgment in his favor was an absolute nullity; the matter
in dispute in his intervention being less than five hundred dollars, the district court was
without jurisdiction *ratione materiæ*. If the property he claimed belonged to him, he
should have sued for it in a court of competent jurisdiction.

APPEAL from the Third Judicial District Court, parish of Iberia.
*Train*, J. *R. S. Perry* and *J. Robertson*, for plaintiff and appellant *W. F. Schwing*, for West, intervenor. *J. A. Breaux*, for defendant and appellee.

WYLY, J. The plaintiff sued the defendant for $1368 59, and attached a stock of goods in a store in the town of Iberia.

Edward Parent intervened, claiming to be the owner of the property attached under a notarial act of sale from his brother, the defendant, of date March 2, 1871. He was also permitted to release the attachment on bond.

Subsequently B. J. West intervened, claiming to be the owner of part of the merchandise attached, of the value of three hundred and five dollars.

The court gave judgment for West for the restoration of the goods claimed by him; gave judgment for the plaintiff for the sum claimed of the defendant, but set aside the attachment on the ground that the sale to the intervenor, E. Parent, was not a simulation, reserving the right of plaintiff to attack it in a direct action.

From this judgment the plaintiff appeals.

The important question is, was the sale from the defendant to his brother, E. Parent, a simulation?

The defendant and this intervenor are the only witnesses testifying as to the verity of the sale. They say the price was $2000; $600 cash, and $1400, the sum the defendant was owing the intervenor for fourteen months salary as clerk preceding the sale. The statement of these witnesses is highly improbable in view of the evidence of the plaintiff and other witnesses.

Three disinterested witnesses testify that the intervenor, quite a youth, only came from Havana some two or three months before the pretended sale, and that he was without sufficient means to pay his passage and other expenses, money for that purpose having been advanced at the request of the defendant.

If he only came from Havana to live with his brother two or three months before the sale, it is impossible for the statement of the Parent brothers to be true, that the defendant was owing $1400 for fourteen months salary to the intervenor as clerk in the store previous to the

sale. It is highly improbable that the defendant with a store worth only $2000 would give his young brother, a stranger in the neighborhood, a salary of one hundred dollars per month to clerk for him, and that for fourteen months this young man, without money to pay his passage from Havana, was able to live without touching a dollar of his salary. When the attachment was levied the sign of the defendant was over the store, and the sheriff swears he was in possession.

In view of the evident untruthfulness of the witnesses supporting the sale in regard to the fourteen months salary preceding it, we must regard their evidence as to the payment of the six hundred dollars as also untrue. Our conclusion is that the sale was a simulation.

In regard to the intervention of West, we will remark that the judgment in his favor was an absolute nullity; the matter in dispute in his intervention being less than five hundred dollars, the court was without jurisdiction *ratione materiæ.* If the property belonged to him he should have claimed it in a court of competent jurisdiction.

The attachment should have been maintained and the intervenors dismissed.

It is therefore ordered that the judgment herein be amended so as to recognize the plaintiff's privilege on the property attached, and to dismiss the intervenors with costs of their interventions, and as thus amended it is ordered that the judgment be affirmed, appellees paying costs of appeal.